# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-00161-01-CR-W-SRB |
| ANTHONY DALE SMITH, | |
| Defendant. | |

## AMENDED GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by Timothy A. Garrison, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and respectfully submits this Sentencing Memorandum. Smith recently filed his sentencing memorandum, and argued for a sentence of 156 months imprisonment to be followed by 15 years supervised release. The Government likewise recommends a sentence of 156 months imprisonment to be followed by 15 years supervised release. This sentence is consistent with the terms of the plea agreement entered on October 21, 2019. In support of its position, the Government respectfully offers the court the following background, arguments, and authorities:

### I. BACKGROUND

**A.     The Charges and the Plea**

On June 6, 2018, the Grand Jury returned an indictment charging Smith with one count of attempted production of child pornography over the internet, (Count One), in violation of 18 U.S.C. § 2251(a) and (e). On October 21, 2018, the government filed a superseding information charging Smith with one count of attempted distribution of child pornography over the internet, (Count One), in violation of 18 U.S.C. § 2252(a)(2). On October 21, Smith waived presentation to a grand jury, and entered a

change of plea to Count One of the superseding information. Pursuant to the plea agreement both parties agreed that at sentencing neither party will request a sentence below or above 156 months imprisonment, to be followed by 15 years supervised release.

### B. The Presentence Investigation Report and the Guidelines Calculations

The facts agreed to in the written plea agreement (PA at ¶ 3), are again recited in the subsequent court-ordered Presentence Investigation Report (hereafter PSR, DCD 48.)[1] and remain uncontested by Smith.

The PSR calculated a total offense level of 30. Based on this total offense level, and a criminal history category of I the Guidelines calculation is 97 months – 121 months. (PSR ¶ 49.) Neither party has filed any objections to this calculation. The conflict between the Guidelines calculation and the time agreed to in the plea agreement arises because the Government agreed to amend the charge from attempted production of child pornography to attempted distribution of child pornography thereby permitting the defendant to avoid a mandatory minimum sentence called for by the original charge.

## II. GOVERNMENT'S SENTENCING RECOMMENDATIONS

In fashioning a sentence, the court is required to consider the nature and circumstances of the offense of the conviction, and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The Court must also examine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2), (A) and (C). Finally, the court is also required to consider the sentencing range recommended by the advisory United States Sentencing Guidelines. 18 U.S.C § 3553(a)(3) and (a)(4). All of these factors support a sentence of 156 months imprisonment, to be followed by 15 years supervised release.

---

[1]DCD refers to docket entry report number.

**18 U.S.C. § 3553(a) Factors**

    A.     **§ 3553(a)(1): The Nature and Circumstances of the Offenses and the History and Characteristics of the Defendant**

The facts underlying Smith's offense are noted in the plea agreement and the PSR. (PA at ¶ 3, PSR ¶ 5-12).

Smith's conduct reflects his sexual interest in minor children. His conduct was calculated and done simply to satisfy his depraved sexual needs. The nature and circumstances of the offense reflect a pattern of activity which was deliberate and chronic. He has demonstrated that he deserves a lengthy term of imprisonment.

    B.     **The Need for the Sentence Imposed to –**

        **§ 3553(a)(2)(A): Reflect Seriousness of the Offenses, Provide Just Punishment, and Promote Respect for the Law**

Smith has admitted to attempting to distribute images of the sexual abuse of children. The Supreme Court has noted the following about the seriousness of child pornography offenses, and the additional harm wrought upon victims by the dissemination of their images over the Internet:

> Three decades ago, this Court observed that "the exploitive use of children in the production of pornography has become a serious national problem." *New York v. Ferber*, 458 U.S. 747, 749, 102 S. Ct. 3348, 73 L.Ed.2d 113 (1982). The demand for child pornography harms children in part because it drives production, which involves child abuse. The harms caused by child pornography, however, are still more extensive because child pornography is "a permanent record" of the depicted child's abuse, and "the harm to the child is exacerbated by [its] circulation." *Id.* at 759, 102 S. Ct. 3348. Because child pornography is now traded with ease on the Internet, "the number of still images and videos memorializing the sexual assault and other sexual exploitation of children, many very young in age, has grown exponentially." United States Sentencing Comm'n, P. Saris et al., Federal Child Pornography Offenses 3 (2012) . . .

*Paroline v. United States*, 134 S. Ct. 1710, 1716-17 (2014).

As the Supreme Court has recognized for decades, offenses such as Smith's are serious. Just punishment should also be serious. If the laws against child pornography are to be respected, Smith's punishment should not be *de minimis*.

A sentence of 156 months imprisonment to be followed by 15 years supervised release is what is needed to reflect the seriousness of the offense and all of the attendant relevant conduct by Smith which is known to the court and set out in the PSR. The conduct in this case deserves a sentence which recognizes the seriousness of the harm perpetrated. The sentence agreed to by the parties is within the statutory range, and this sentence is a just sentence that will command respect for the law.

### § 3553(a)(2)(B): Promote Adequate Deterrence

To the extent that defendants like Smith pay attention to sentences in the criminal justice system, the specter of the imposition of the requested 156-month sentence of imprisonment to be followed by 15 years of supervised release for the conduct involved in this case, should act as a deterrent to others contemplating similar conduct. As evidenced from the information set forth in the PSR, the defendant is sexually interested in minors and is willing to exploit minors to satisfy his deviant sexual desires. (PSR ¶ 5-12.) The 156-month sentence of imprisonment followed by 15 years of supervised release will specifically deter this defendant from committing crimes against additional victims.

### § 3553(a)(2)(C):Protect the Public from Further Crimes of the Defendant

One can be relatively certain that Smith will be deterred from committing additional child pornography offenses while he is incarcerated, so that a significant sentence will protect the public for at least that period of time.[2]

---

[2]The Government argues "relative" certainty because this office has prosecuted defendants who have obtained child pornography in prison, in a halfway house, and as registered sex offenders on supervised release.

4

One recent meta-analysis of 10 studies with 944 adult males who were treated in institutional or community settings for illegal sexual behaviors concluded that more randomized studies were needed to accurately assess the effectiveness of psychological interventions (such as sex offender treatment.)[3] The study did conclude, however, that current evidence does not support the belief that once an individual has been treated their risk for reoffending is reduced.

A well-respected researcher into questions of sexual recidivism, Dr. Karl Hanson, has stated in a review of multiple studies:

> Sexual interest in children was a significant predictor of sexual recidivism. Those individuals with identifiable interests in deviant sexual activities were among those most likely to continue sexual offending. **The evidence was strongest for sexual interest in children and for general paraphilia's (e.g., exhibitionism, voyeurism, cross-dressing).** (Emphasis added)[4]

Smith is clearly a person with a sexual interest in children. He is a person from whom the community needs a significant sentence to enforce personal safety and protection.

### § 3553(a)(2)(D): Provide Training, Medical Care and Treatment to Smith.

The Bureau of Prisons is equipped to handle Smith's psychological treatment, medical care, sex offender treatment, and a variety of educational and vocational training of which he may want to avail himself.

---

[3] J.A. Dennis, O.Khan & M. Ferriter, N Huband, M.J. Powney & C. Duggan, *Psychological Interventions for Adults who have Sexually Offended or are At Risk of Offending*, 12 Cochrane Database Syst Rev CD007507 (2012).

[4] Hanson, Karl & Morton-Bourgon, Kelly, *Predictors of Sexual Recidivism: An Updated Meta-Analysis*, (2004) pp. 9, 15.

### III. CONCLUSION

The nature and circumstances of this case are cause for concern and raise the necessity to vigilantly protect the community from Smith's potential for future criminal activity. Smith's willingness to ignore the welfare of child victims in favor of his own depraved needs presents a worrisome prognosis for public safety.

A sentence within the Guidelines range of 97-121 months imprisonment, does not adequately reflect the seriousness of the offense and all of the attendant relevant conduct by Smith which is known to the court and set out in the PSR. The parties recommend a sentence of 156 months imprisonment, to be followed by 15 years supervised release.

                                        Respectfully submitted,

                                        Timothy A. Garrison
                                        United States Attorney

                            By    */s/ Catherine A. Connelly*

                                        Catherine A. Connelly
                                        Assistant United States Attorney

                                        Charles Evans Whittaker Courthouse
                                        400 East 9th Street, Fifth Floor
                                        Kansas City, Missouri  64106
                                        Telephone:  (816) 426-3122

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of the foregoing was delivered on February 18, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

               */s/ Catherine A. Connelly*
               Catherine A. Connelly
               Assistant United States Attorney

7

Case 4:18-cr-00161-SRB   Document 52   Filed 02/18/20   Page 7 of 7